## Roscoe v. Ross Service, Inc.

*Jacob Frank*, for plaintiff.
*Ben Paul Jubelirer*, for defendant.

MONTGOMERY, J., November 15, 1946—Defendant questions the sufficiency of plaintiff's amended statement of claim for the reason that it does not contain allegations showing that the increase in wages for which suit was brought was approved by the National War Labor Board as required by an Act of Congress approved October 2, 1942, 56 Stat. at L. 765, as

amended by Act of April 12, 1943, and the Executive Orders of the President of the United States issued pursuant thereto, and that the statement of claim does not contain allegations to bring the increase of wages involved within any exception contained in said law and orders.

Plaintiff alleges that in April 1944 he entered into an oral contract with defendant whereby he was to perform certain services checking receipts at theatres from the date of the contract until and including July 1944 at the rate of $4 per day and after July at the rate of $5.50 per day, when the theatre to which he was assigned opened before 6 p.m. When the theatre opened after 6 p.m., plaintiff was to check the receipts from 6:30 p.m. until closing time for which services his wages were to be $2.50 per day until the last of July and thereafter at the rate of $4 per day. In addition, plaintiff was to receive his traveling expenses.

Plaintiff in his amended statement then sets forth General Executive Order No. 5 as authorizing the increase under the circumstances of his case without the necessity of first securing the approval of the National War Labor Board. There is no allegation that the contract was ever, either at its inception or later, approved.

At the time the alleged increase in this case became effective, viz., on or about August 1, 1944, General Order No. 5 read as follows:

"Subject to the requirements of General Order 31, wage adjustments may be made in wage rates of individual employees without approval of the National War Labor Board, if they are incident to the application of the terms of a wage agreement which existed previous to or has been approved since October 3, 1942, or incident to an established or approved wage rate schedule covering the work assignments of employees and are made as a result of (a) individual promotions

or reclassifications; (b) individual merit increases within established rate ranges; (c) operation of an established plan of wage increases based upon length of service within established rate ranges; (d) increased productivity under piecework or incentive plans; (e) operation of an apprentice or trainee system."

This order was repealed March 20, 1946 (see C. C. H. Labor Law Reporter 1 A (par. 11505)). General Order 31 referred to does not appear to apply to the present case because the increase claimed exceeds 10 cents per straight-time hour, which is the limit placed by that order.

Executive Order 9250 provides:

"No provision with respect to wages contained in any labor agreement between employers and employees . . . which is inconsistent with the policy herein enumerated or hereafter formulated by the Director shall be enforced except with the approval of the National War Labor Board within the provision of this order."

Wernhardt et al. v. Koenig et al., 60 F. Supp. 709, holds contracts of this nature not only unenforcible but void when necessary approval is not secured.

As we read Executive Order No. 5, the allegations of plaintiff's statement and amended statement of claim do not bring his contract within any exception herein. Plaintiff's contract was not in existence prior to October 3, 1942, nor was it approved at any time thereafter; nor was the increase for which he seeks to recover incident to an established wage schedule or an approved one. It is unnecessary to discuss whether the case falls within one of the classes enumerated in the latter part of the order since it does not meet the first requirements.

Defendant's motion will therefore be granted and judgment entered for defendant.